PROYOSTY, J.
This is a suit to compel' acceptance of title to real estate.
Plaintiff’s vendor, Bfrs. Grant, was owner of one-half, or three-sixths, of the property in question, as survivor in community; and of one-sixth, as legatee of her deceased hus *553 band. Her minor children were owners of the remaining two-sixths, as beirs of their father. Mrs. Grant caused the interest of her minor children to be adjudicated to her UDder article 343, O. G.
One of the objections which defendant makes to the title is that the title of plaintiff to the one-sixth interest which Mrs. Grant acquired by the testament of her husband is defeasible, it being conditioned on the nonremarriage of Mrs. Grant (article 1753, C. C.; Zeigler v. His Creditors, 49 La. Ann. 144, 21 South. 666); and that he cannot be made to accept a title thus in part defeasible.
Plaintiff contends that this alleged defect in the title was cured, as an effect of the said adjudication of the property to Mrs. Grant under article 343, C. C., because Mrs. Grant acquired a new title at this adjudication, and held, thereafter, not by virtue of the testament of her husband, but by virtue of this new title. Plaintiff contends that this exact point was expressly decided by this court in the analogous case of Zeigler v. His Creditors, 49 La. Ann. 144-170, 21 South. 666.
The learned trial judge thought differently, and so do we. The new title which Mrs. Grant acquired at this adjudication was only to the two-sixths interest which her minor children had in the property.
The said adjudication proceeding was not designed and did not purport to deal with, or affect in any way, shape, or form, the contingent interest which the heirs had in the property — the interest contingent upon the remarriage of their mother — and said interest has remained unaffected.
If we concede, for argument, that the said adjudication was a sale of the entire property, the fact remains that it was not a sale of this contingent interest of the minors. This is very evident, and is made absolutely certain by the fact that no part of the price of said sale could be attributable to paying for this contingent interest. As a matter of course, there cannot be a sale without a price. Mrs. Grant, not having paid anything: for this contingent interest, cannot be said to have bought it; nor can her minor children be said to have sold it when nothing was paid to them for it.
The decision in Zeigler v. His Creditors, 49 La. Ann. 144-170, 21 South. 666, is not in point. What the court decided there was that the judgment ordering the partition there in question and fixing the interest of the minors was conclusive against the minors; it having been rendered contradictorily with the minors duly represented. In the instant case, there was not a judgment contradictorily rendered, but only an order more or less of a mere formal character.
Judgment affirmed.